IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL WEISS, M.D., KATHY WEISS, M.W., D.W., and B.W.,** | : | Civil No. 1:17-cv-1162 |
| **Plaintiffs,** | : | |
| v. | : | |
| **SURGICAL ANESTHESIA SERVICES, LLC and JOE McDONNELL, Plan Administrator,** | : | |
| **Defendants.** | : | Judge Sylvia H. Rambo |

# **M E M O R A N D U M**

In this civil action involving the notification provisions of the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), Plaintiffs allege that Defendants failed to provide timely and adequate notice regarding Plaintiffs' right to continue participating in a group health plan following the termination of Plaintiff Michael Weiss's employment. Plaintiffs allege that they suffered various harms due to their lack of proper notice, and request the maximum statutory damages available under Section 502(c) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001.

Before the court is Defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docs. 6 & 7.) For the reasons discussed below, the motion will be denied.

I. **Background**

According to the complaint (Doc. 1), Plaintiff Michael Weiss was terminated from his employment with Surgical Anesthesia Services, LLC ("SAS") on January 13, 2017, and thereafter SAS failed to provide him with a COBRA notification regarding his right to continue his healthcare benefits in accordance with the applicable notice requirements. Instead, SAS belatedly issued him the required notification on June 2, 2017, after both Plaintiff Weiss and his attorney sent repeated requests for the notification or any information regarding his benefits.

Plaintiff Weiss, together with his wife and minor children (collectively "Plaintiffs"), initiated this lawsuit by filing a complaint on July 3, 2017, claiming violations of COBRA's notice provisions and Plaintiffs' rights under ERISA. (Doc. 1.) On September 1, 2017, Defendants filed the instant motion to dismiss, to which they attached an affidavit of Defendant Joe McDonnell, the Chief Financial Officer for SAS. (Doc. 7.) Plaintiffs responded to Defendants' motion on September 11, 2017, supporting the motion with various exhibits, including an affidavit of Plaintiff Weiss, a severance agreement, and correspondence exchanged between the parties' attorneys. (*See* Doc. 8.)

## II. <u>Legal Standard</u>

### a. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is the appropriate method in which to challenge the legal sufficiency of a claim. In ruling upon a 12(b)(6) motion, the court primarily considers the allegations in the complaint, although a "document integral to or explicitly relied upon in the complaint" and matters of public record may also be considered. *In Re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's short and plain statement of the claim must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

### b. COBRA

Under COBRA, employers are required to give former employees the opportunity to elect the continuation of the employer's group health plan at the employee's own cost for a maximum of eighteen months following the occurrence of a qualifying event. 29 U.S.C. §§ 1161, 1162(A)(i). Termination of employment, other than by reason of the employee's gross misconduct, is a qualifying event and requires that the employer notify the administrator of the group health plan within thirty days of the termination. 29 U.S.C.§ 1163(2), 1166(a)(1). The plan administrator must then notify the discharged employee and other qualified beneficiaries of their COBRA rights within fourteen days thereafter, and allow them at least sixty days to decide whether to elect to continue their group health plan coverage. 29 U.S.C. § 1165(1), 1166(a)(4), 1166(c), 1167(3)(B).

### III. Discussion

In their motion to dismiss, Defendants argue that Plaintiffs' claims for violation of the above notice provisions fail as a matter of law because Defendants are exempted from COBRA's requirements pursuant to 29 U.S.C. § 1161(b), which states that COBRA does not apply to employers "normally employ[ing] fewer than 20 employees on a typical business day during the preceding calendar year." In presenting their arguments in support of their motion, Defendants rely almost exclusively on the affidavit of Defendant McDonnell, stating that SAS did

4

not employ twenty or more employees during the applicable time period, and further, that all of the companies owned by and affiliated with Surgical Synergies, Inc., which owned SAS during much of 2016, did not cumulatively meet the threshold requirement of twenty or more employees. (*See* Doc. 7, pp. 8-10 of 11.) In response, Plaintiffs argue, *inter alia*, that SAS and Surgical Synergies employed approximately one hundred employees, supporting their position with the affidavit of Plaintiff Michael Weiss and information acquired about the companies through Internet searches. (*See* Doc. 8.)

For a court ruling on a motion to dismiss to consider matters outside the pleadings, it must treat the motion as one seeking summary judgment under Rule 56. Fed. R. Civ. P. 12(d). The court has the discretion, however, to ignore the matters presented outside the pleadings and continue to treat the filing as a motion to dismiss. *Kulwicki v. Dawsom*, 969 F.2d 1454, 1462 (3d Cir. 1992); *see Edwards v. New Jersey*, Civ. No. 13-cv-214, 2015 WL 5032680, *3 (D.N.J. Aug. 25, 2015). Courts generally decline to convert a motion to dismiss into a summary judgment motion, however, when there has been little or no discovery. *Brennan v. Nat'l Tel. Directory Corp.*, 850 F. Supp. 331, 335 (E.D. Pa. 1994). Considering the motion to dismiss as a motion for summary judgment would be improper in those situations because the opposing party may not be able to properly present its argument since a factual record has yet to be developed. *Id*.

5

In the present case, Defendants filed this motion approximately one month after accepting service of the complaint. Although Plaintiffs have filed several exhibits in support of their brief in opposition, the court feels it would be premature to consider the motion to dismiss as a motion for summary judgment given the factual nature of the issues raised in the motion and the lack of discovery conducted prior to its filing. As such, the court will consider Defendants' motion only as a motion to dismiss for failure to state a claim, and therefore declines to consider the materials attached by both parties.

Upon assessing the sufficiency of the complaint, and accepting the well-pleaded factual allegations as true and drawing all reasonable inferences in favor of Plaintiffs, the court finds that Plaintiffs have stated a claim that Defendants failed to provide them with proper notice under the notice requirements of COBRA. Accordingly, the motion to dismiss will be denied.

## IV. Conclusion

For the reasons stated above, the court will deny Defendants' motion to dismiss. An appropriate order follows.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: January 24, 2018